UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

AUCTUS GROUP, LLC,

                   **Plaintiff,**

v.

216 CONSTELLATION LLC and
MATTHEW CHASE BRYANT,

                   **Defendants.**

# COMPLAINT

Plaintiff Auctus Group LLC ("**Auctus Group**"), by and through its undersigned counsel, hereby files this Complaint against Defendants 216 Constellation LLC ("**Constellation**") and Matthew Chase Bryant ("**Bryant**") (collectively, "**Defendants**"). In furtherance of the same, Auctus Group respectfully states as follows:

## NATURE OF ACTION

1. This action ("**Action**") arises out of Defendants' breach of a six month 8% per annum loan of $175,000 ("**Loan Agreement**"), dated September 26, 2018.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship between Auctus Group and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. This Court has jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a)(2) and (6)(a). As set forth in further detail below, Defendants caused injury to Plaintiff in this state

arising out of Defendants breaches and misrepresentations outside this state while soliciting funding in this state to finance a real estate investment.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) in that a significant portion of the conduct at issue in this Action occurred in Hillsborough County, Florida. Venue is also proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the property (i.e., the loan funds) at issue in this Action was located in Hillsborough County, Florida. Defendants have deprived Auctus Group of property held in Hillsborough County, Florida.

## THE PARTIES

5. Auctus Group is a Delaware limited liability company that, at all times relevant to this Action, had its principal place of business in Broward County, Florida. None of Auctus Group's members are citizens of Texas or Kansas.

6. Defendant Constellation is a Texas limited liability company that, at all times relevant to this Action, had its principal place of business in Rockwall, Texas. Upon information and belief, none of Constellation's members are citizens of Florida or Delaware. Defendant Constellation actively solicited investment funds from Florida, and caused injury to Auctus Group in Florida.

7. Upon information and belief, Bryant is the sole owner of Constellation and is a citizen of Overland Park, Kansas.

## RELEVANT NON-PARTIES

8. Gila River Capital LLC ("**Gila River**") is a Texas limited liability company.

9. Upon information and belief, Bill Garner ("**Garner**") is the sole owner of Gila River.

2

**BACKGROUND**

10. Defendant Bryant promoted himself to Auctus Group as an experienced real estate investor and broker engaged in property investment, management, leasing, debt finance, and construction. Defendant Bryant allegedly formed Defendant Constellation on October 26, 2018, for the sole purpose of purchasing and operating a property (the "**Investment Property**").

11. In order to purchase the Investment Property through Defendant Constellation, Defendant Bryant sought out third-party lender financing. Subsequently, Defendant Bryant was introduced to Auctus Group as a funding source, and actively solicited Auctus Group for that funding.

12. Defendant Bryant explained the deal to Auctus Group and how it could participate in the deal if Auctus Group provided funding.

13. Prior to Auctus Group investing, in or about September 2018, Defendant Bryant placed a telephone call to Auctus Group in Florida (the "**September 2018 Call**"). During the September 2018 Call, Defendant Bryant represented that he would acquire an existing note and deed of trust currently on the Investment Property, and that he needed $620,000 to acquire and repair the Investment Property. Defendant Bryant stated that he would contribute $445,000, but that he needed investment funding for the remaining $175,000.

14. Defendant Bryant also represented during the September 2018 Call with Auctus Group that he had a purported "great relationship" with Garner, who owned the Investment Property through the entity Gila River. Defendant Bryant represented that he had known Garner for years, and had done real estate deals with him in the past.

15. During the September 2018 Call, Defendant Bryant stated that the deal to purchase the Gila River note on the Investment Property from the bank was virtually complete and that the

bank was eager to close the deal with Defendant Constellation. Defendant Bryant validated his statements by stating that Garner's attorney had a relationship with the bank.

16. Based on this information, Auctus Group agreed to provide funding pursuant to the Loan Agreement. The Loan Agreement provided that Defendant Bryant would guarantee its repayment and it would be secured by a deed of trust on the Investment Property.

17. The Loan Agreement also stated that if the Investment Property was sold to a disinterested third-party, Auctus Group would receive a 20% interest in the net profits from the sale, in addition to the principal and accrued interest. However, if Defendant Constellation held the Investment Property, Defendant Bryant stated that Defendant Constellation would purchase Auctus Group's 20% interest for $100,000 at the same time the Loan Agreement was paid off.

18. Finally, the Loan Agreement provided that Defendant Constellation would acquire the Investment Property on October 2, 2018, and that repairs to the Investment Property would be commenced on October 5, 2018. Defendant Bryant made the same representations during his calls with Auctus Group in September 2018.

19. On October 11, 2018, Auctus Group funded the Loan Agreement from funds held in an account in Tampa, Florida. Pursuant to the terms of the Loan Agreement, it was due and payable on April 11, 2019 ("**Maturity Date**").

20. However, unbeknownst to Auctus Group and contrary to Defendant Bryant's representations regarding his intent to purchase the Investment Property, on October 15, 2018 (a month from entering into the Loan Agreement and **only four days** after Auctus Group provided the investment funds), Defendant Bryant used the $175,000 loan funds to purchase one (1) year certificates of deposit ("**CDs**") in the same amount.

21. Since the CDs were set to mature in a year or by October 15, 2019, it is clear that

4

Defendant Bryant never intended to (1) use the loan funds to purchase the Investment Property in October 2018, or (2) repay the funds by April 11, 2019.

22.     Defendant Constellation failed to repay the Loan Agreement on the Maturity Date.

23.     On or about November 27, 2019, Auctus Group sent Defendants a default notice ("**Default Notice**") advising Defendants of the default under the terms of the Loan Agreement due to Defendants' failure to repay the Loan Agreement at the Maturity Date and purchase Auctus Group's 20% profit interest if the Investment Property remained unsold. If the Investment Property was sold to a third-party, Defendants owe Auctus Group 20% of the net sale profits.

24.     Upon drafting the Default Notice, Auctus Group also discovered that Gila River filed a Chapter 11 bankruptcy action in the U.S. Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Action**") on September 28, 2018—a day after Defendants entered into the Loan Agreement.

25.     Based on Defendant Bryant's representations to Auctus Group in September 2018, regarding his relationship with Garner and the eminent closing of the note purchase, Defendant Bryant knew or should have known about the Bankruptcy Action when he made his representations to Auctus Group and executed the Loan Agreement.

26.     As a result of Defendants' conduct, Defendants have breached the terms of the Loan Agreement and the Loan Agreement is immediately due and payable. However, in spite of receiving the Default Notice from Auctus Group on or about November 27, 2019, Defendants have failed to pay the required principal and interest, including any default interest and the 20% profit interest due under the Loan Agreement.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract
(Against Defendant Constellation)

27. Auctus Group repeats and re-alleges the allegations contained in paragraphs 1-26 as if fully set forth in this Count.

28. Defendant Constellation entered into a valid contract with Auctus Group upon the execution of the Loan Agreement.

29. Auctus Group performed all of the requisite obligations and duties required by the Loan Agreement. However, by engaging in the conduct described herein, Defendant Constellation breached the terms of the Loan Agreement, including, but not limited to, failing to repay the required principal and interest on the Maturity Date.

30. As a result of the breaches, the Loan Agreement has become immediately due and payable. Defendant Constellation has failed to pay the principal and interest due under the Loan Agreement. In addition, Defendant Constellation has failed to either pay Auctus Group 20% of the sale profits if the Investment Property was sold or purchase Auctus Group's 20% profit interest for $100,000.

31. As a direct and proximate result of Defendant Constellation's breaches, Defendant Constellation has caused Auctus Group to suffer damages in an amount to be determined at trial.

### COUNT II
### Breach of Contract
(Against Defendant Bryant as Guarantor)

32. Auctus Group repeats and re-alleges the allegations contained in paragraphs 1-31 as if fully set forth in this Count.

33. Defendant Bryant entered into a valid contract with Auctus Group upon the execution of the Loan Agreement as guarantor.

34. Auctus Group performed all of the requisite obligations and duties required by the Loan Agreement. However, by engaging in the conduct described herein, Defendant Bryant breached the terms of the Loan Agreement, including, but not limited to, failing to repay the required principal and interest on the Maturity Date upon Defendant Constellation's failure to repay the Loan Agreement.

35. As a result of the breaches, the Loan Agreement has become immediately due and payable. Defendant Constellation has failed to pay the principal and interest due under the Loan Agreement. In addition, Defendant Constellation has failed to either pay Auctus Group 20% of the sale profits if the Investment Property was sold or purchase Auctus Group's 20% profit interest for $100,000. Defendant Bryant has breached the Loan Agreement by failing to make these payments on Defendant Constellation's behalf as guarantor.

36. As a direct and proximate result of Defendant Bryant's breaches, Defendant Bryant has caused Auctus Group to suffer damages in an amount to be determined at trial.

### COUNT III
### Unjust Enrichment
(Against Defendants)

37. Auctus Group repeats and re-alleges the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

38. Defendants and Auctus Group entered into a binding agreement upon the execution of the Loan Agreement.

39. Auctus Group performed all of its duties under the Loan Agreement.

40. Defendants benefitted from the funding provided by Auctus Group pursuant to the

Loan Agreement. However, Defendants failed to perform certain obligations under the terms of the Loan Agreement. As a result, Defendants were unjustly enriched to Auctus Group's detriment.

## COUNT IV
### Fraudulent Inducement
(Against Defendant Bryant)

41. Auctus Group repeats and re-alleges the allegations contained in paragraphs 1-26 as if fully set forth in this Count.

42. Defendants, through Defendant Bryant, knowingly misrepresented to Auctus Group that Auctus Group's loan would be used to acquire the Investment Property by October 2018.

43. Defendant Bryant knowingly misrepresented these facts during a conference call in or about September 2018. Defendant Bryant made the misrepresentations described herein to Auctus Group in an effort to induce Auctus Group to enter into the Loan Agreement and fund the loan. *See* ¶¶ 12-14.

44. The fact that Defendant Constellation would quickly purchase the Investment Property with the loan funds and make the necessary repairs was material to Auctus Group in connection with its decision to invest.

45. Defendant Bryant knew that these material misrepresentations were false at the time he communicated this information to Auctus Group. *See* ¶¶ 19-20, 23-24.

46. Auctus Group would not have invested if it had known of these material misstatements.

47. Auctus Group reasonably relied on Defendant Bryant's material misstatements when it provided the loan funds in connection with the Loan Agreement.

48. Auctus Group could not have discovered the truth of Defendant Bryant's misstatements and omissions through the exercise of ordinary diligence because the information was either kept confidential or known only by Defendant Bryant.

49. Defendants have failed to repay the Loan Agreement and Auctus Group has been damaged as a proximate result of Defendant Bryant's fraudulent inducement.

50. Because Defendant Bryant engaged in fraudulent conduct willfully and maliciously, and with the intent to damage Auctus Group, Auctus Group is entitled to an award of damages, including punitive damages.

## DEMAND FOR TRIAL BY JURY

Auctus Group respectfully requests that this matter be heard before a jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Auctus Group, LLC respectfully requests that this Court enter a judgment in favor of Auctus Group, LLC and against Defendants:

a. For actual damages in an amount to be proven at trial;

b. For interest and costs; and

c. For such other legal or equitable relief as the Court deems just and proper.

**DATED:** July 27, 2022
Coral Gables, Florida

Respectfully Submitted,

**HUNTER TAUBMAN FISCHER & LI LLC**

*/s/ Mark David Hunter*
Mark David Hunter, Esquire
Florida Bar No. 12995
Jenny Johnson-Sardella, Esquire
Florida Bar No. 67372
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Telephone: (305) 629-1180
Facsimile: (305) 629-8099
E-Mail: mhunter@htflawyers.com
jsardella@htflawyers.com