UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUCTUS GROUP, LLC,

    **Plaintiff,**

v.                                                          Case No.: 8:22-cv-1689-KKM-AAS

216 CONSTELLATION LLC and
MATTHEW CHASE BRYANT,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Auctus Group, LLC (Auctus) moves for entry of default judgment against Defendants 216 Constellation LLC (Constellation) and Matthew Chase Bryant (collectively, the defendants). (Doc. 16). The defendants did not respond, and the time has expired. *See* Local Rule 3.01(c), M.D. Fla.[1] For the reasons stated below, the undersigned **RECOMMENDS** that Auctus' motion (Doc. 16) be **GRANTED in part and DENIED in part.**

**I.    BACKGROUND**

This action arises from the defendants alleged breach of a loan agreement entered between the parties on September 26, 2018. (Doc. 1). On

---

[1] Because the defendants failed to timely respond to Auctus's motion for default judgment, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

1

October 11, 2018, Auctus loaned $175,000 to Constellation to be used for the purchase of investment property. (*Id.* at ¶ 19). The loan agreement included a six month 8% per annum interest rate. (*Id.* at ¶ 11). Mr. Bryant guaranteed Constellation's repayment of the loan.[2] (*Id.* at ¶ 16). Under the loan agreement, if Constellation sold the investment property to a disinterested third party, Auctus would receive a 20% interest of net profits from the sale, as well as the principle and any accrued interest. (*Id.* at ¶ 17). If Constellation held the investment property, Constellation would purchase Auctus's 20% interest for $100,000 at the time of loan repayment. (*Id.*). The loan was due and payable on April 11, 2019, but the defendants failed to make payment. (*Id.* at ¶ 19).

Auctus served Mr. Bryant on August 3, 2022, by leaving a copy of the summons and complaint with Amy Bryant, an individual of suitable age who resides with Mr. Bryant. (Doc. 8). Auctus served Constellation with process on August 19, 2022, by serving the Texas Secretary of State after multiple attempts were made to serve Constellation through its registered agent. (Doc. 13). The defendants failed to respond to the complaint. The Clerk granted Auctus's motion for clerk's defaults against the defendants on September 14, 2022. (Doc. 15).

---

[2] Mr. Bryant is the sole owner of Constellation. (Doc. 1, ¶ 7).

Auctus now moves for entry of default judgment against the defendants. (Doc. 16). Auctus requests an award of $175,000 with 8% interest per annum since October 11, 2018, plus $100,000 for 20% interest in the investment property. (*Id.*). Auctus also requests punitive damages and post-judgment interest. (*Id.*). The defendants did not respond to Auctus's motion for default judgment.

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). "[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

Once liability has been established, the court must assess the damages requested by examining the affidavits. *See, e.g.*, *Svetlick v. Lucius*, No. 08-61525, 2009 WL 1203925, at *1 (S.D. Fla. May 1, 2009) (awarding default final

3

judgment as to "the precise amount of damages, including actual damages as well as liquidated damages" under the agreement between the parties). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### III. DISCUSSION

Auctus moves for entry of default judgment on its claims of breach of contract (counts I and II), unjust enrichment (count III), and fraudulent inducement (count IV). (Doc. 16). The court will first address the defendants' liability and then determine damages.

#### A. Liability

##### 1. Breach of Contract (Counts I and II)

To state a claim for breach of contract, a plaintiff must allege "(1) the existence of a valid contract; (2) a breach of such contract; and (3) damages resulting from such breach." *Senter v. JP Morgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011) (citing *Knowles v. C.I.T. Corp.*, 346 So.2d

4

1042, 1043 (Fla. 1st DCA 1977); see also *PNC Bank, N.A. v. Healey Plumbing, Inc.*, No. 19-Civ-60068, 2019 WL 3890858, at *2 (S.D. Fla. June 6, 2019) ("The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim.").

Auctus alleges it paid the loan funds on October 11, 2018, and Constellation breached the loan agreement when it failed to repay the loan on April 11, 2019. (Doc. 1, ¶¶ 22, 26, 28–31). Auctus also alleges Mr. Bryant breached the loan agreement by failing to guarantee Constellation's repayment of the loan. (*Id.* at ¶¶ 16, 22, 26, 33–36). Auctus alleges that as a direct and proximate cause of the defendants' breaches, Auctus was damaged in the amount due under the loan agreement. (*Id.* at ¶¶ 31, 36).

The admitted allegations support Auctus's breach of contract claims. Based on these allegations, and Auctus's supporting affidavit, the undersigned recommends the court enter default judgment in Auctus's favor on its breach of contract claims.

### B.    Unjust Enrichment (Count III)

Auctus raised an unjust enrichment claim in the alternative to its breach of contract claims. Because Auctus is entitled to judgment in its favor on its breach of contract claims, the undersigned recommends the court deny Auctus's motion for default judgment on its claim of unjust enrichment. *See Shandong Airlines Co., Ltd. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D.

Fla. 2009) (denying default judgment on unjust enrichment claim, "because relief on these quasi-contract claims cannot be granted once a breach of contract has been established") (citing *Doe v. Univision Television Grp., Inc.*, 717 So. 2d 63, 65 (Fla. 3d DCA 1998)).

### C.    Fraudulent Inducement (Count IV)

Fraudulent inducement is the inducement to enter a contract by false statements. The elements of fraudulent inducement are: (1) false statement of material fact; (2) the maker of the statement knew or should have known of the statement's falsity; (3) the maker intended to induce the claimant's reliance on the statement; (4) the claimant relied on the statement to its detriment. *Rose v. ADT Sec. Services, Inc.*, 989 So. 2d 1244, 1247 (Fla. 1st DCA 2008); *see also White Const. Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1325–26 (M.D. Fla. 2009). Typically, a claim must be based on a false statement about a past or existing fact, rather than an unfulfilled promise of future action. *See, e.g.*, *Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001). However, a promise of future action made with no intention to perform or with positive intention not to perform may constitute fraudulent misrepresentation. *Id.* A claim for fraudulent inducement also must be specific enough to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).

In September 2018, before the execution of the loan agreement, Mr. Bryant called Auctus and stated he wanted to purchase an investment

property and needed $620,000 to acquire the property. (Doc. 1, ¶ 13). Mr. Bryant stated he would contribute the remaining $445,000 after receiving $175,000 from Auctus. (*Id.*). Mr. Bryant represented to Auctus that the purchase of the investment property was nearly complete. (*Id.* at ¶ 15). Mr. Bryant also stated he had a "great relationship" with the owner of the investment property and had real estate deals with him in the past. (*Id.* at ¶ 14). However, the owner of the subject investment property filed for Chapter 11 bankruptcy on September 28, 2018—two days after the defendants entered into the loan agreement. (*Id.* at ¶ 14). Presumably, Mr. Bryant knew about the bankruptcy when he executed the loan agreement. (*Id.* at ¶ 25).

Based on Mr. Bryant's material misrepresentations about the purchase of the investment property, Auctus funded the $175,000 loan. (*Id.* at ¶ 16). Under the loan agreement, Constellation agreed to purchase Auctus's 20% interest for $100,000. (*Id.* at ¶ 17). Although the loan agreement provided that Constellation would acquire the investment property with the loan funds, Mr. Bryant used the loan funds to purchase one-year certificates of deposit (CDs). (*Id.* at ¶ 20). Because the CDs were set to mature in a year, it appears Mr. Bryant did not intend to use the loan funds to purchase the investment property.

Auctus relied on Mr. Bryant's material misrepresentations about the purchase of the investment property when funding the loan and was damaged

7

as a result based on the defendants' failure to repay the loan. Based on these allegations, and Auctus's supporting affidavit, the undersigned recommends the court enter default judgment in Auctus's favor on its fraud in the inducement claim.

### B.  Damages

The court next turns to Auctus's claim for damages. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). "Damages may only be awarded if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Angelini v. Remasur USA, LLC*, No. 16-21290, 2018 WL 4410008, at *3 (S.D. Fla. May 25, 2018) (citations omitted).

#### 1.  Damages

Damages for breach of contract should place the injured party in the position he would have been in had the breach not occurred. *Mnemonics, Inc. v. Max Davis Assoc., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002); *see also Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1280, n.6 (S.D. Fla. 2010) ("Under Florida law, a non-breaching plaintiff in a breach of contract action is entitled to benefit-of-the-bargain damages. . . .

8

[Including] damages that would put [the plaintiff] in the condition [he] would have been in had the contract been performed and the breach not occurred.").

Based on the loan agreement and supporting affidavit, the undersigned recommends Auctus recover $175,000.00 plus prejudgment interest at 8% per day from October 11, 2018, the date of payment, until the date the court enters final default judgment. (*See* Doc. 16-1, Ex. A). In addition, the undersigned recommends Auctus recover $100,000.00 for Auctus's 20% lost interest in the investment property. (*Id.*).

### 2. Punitive Damages

Generally, punitive damages are not recoverable for breach of contract; but, where the acts breaching the contract also amount to a cause of action in tort, there may be recovery of exemplary damages upon proper allegations and proof of intentional wrong, insult, abuse, or gross negligence constituting an independent tort. *Griffith v. Shamrock Vill., Fla.*, 94 So. 2d 854, 858 (Fla. 1957). To recover for punitive damages in tort as an independent cause of action, besides breach of contract, "an intentional wrong" must be alleged. *Nicholas v. Miami Burglar Alarm Co., Inc.*, 339 So. 2d 175 (Fla. 1976). However, even when a cause of action in tort has been properly pled, the plaintiff must also demonstrate malice, moral turpitude, wantonness, or outrageousness in the commission of the tort. *Griffith*, 94 So. 2d at 854.

Auctus failed to make the requisite showing of malice, moral turpitude,

9

wantonness, or outrageousness necessary to award punitive damages. *See E&C Copiers Export Import Corp. v. Arizas Fotocopiadoras S.A.S.*, No. 15-21693-Civ, 2015 WL 7720604, at *3 (S.D. Fla. Nov. 30, 2015) (denying the plaintiff's request for punitive damages when the plaintiff made no allegations of malice, moral turpitude, wantonness, or outrageousness by the defendants).

## IV. CONCLUSION

It is respectfully **RECOMMENDED** that Auctus's Motion for Default Judgment (Doc. 16) be **GRANTED** as to counts I, II, and IV, and **DENIED** as to count III, and Auctus be awarded $275,000.00, plus 8% interest from October 11, 2018 until final judgment is entered, with post-judgment interest accruing at the statutory rate.

**ENTERED** in Tampa, Florida on October 21, 2022.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to

object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.